UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AARON MARKS, Individually, and on Behalf of
DYLAN JAMES MARKS, JACOB HARRISON
MARKS, and TYLER MATHEW MARKS, as
minors under the age of eighteen,

                Plaintiffs,

      -against-

ABBOTT LABORATORIES & CO., et al.,

                Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

11-CV-4147 (ENV) (JMA)

A P P E A R A N C E S:

Sybil Shainwald
Law Office of Sybil Shainwald
200 West 57th Street
Suite 402
New York, NY 10019
    *Attorney for Plaintiffs*

Adam B. Michaels
Samuel J. Abate, Jr.
Pepper Hamilton LLP
620 Eighth Avenue
37th Floor
New York, NY 10018-1405
    *Attorneys for Defendant Eli Lilly and Company*

**AZRACK**, **United States Magistrate Judge:**

On August 26, 2011, plaintiff Aaron Marks, individually and on behalf of minors Dylan James Marks, Jacob Harrison Marks, and Tyler Mathew Marks (collectively, "plaintiffs"), filed suit against the drug companies Abbott Laboratories, Bristol-Myers Squibb, Carnrick Laboratories, Inc., Dart Industries, Inc., Eli Lilly and Company, Glaxosmithklein, Lannett Co., Inc., Mallinckrodt Inc., Mequon Company, Merck Sharp & Dohme Corp., Merrell Dow

Pharmaceuticals, Inc., Ortho-McNeil Pharmaceutical, Inc., Pharmacia & Upjohn Company, Premo Pharmaceutical Laboratories, Inc., Rhone-Poulenc Rorer Pharmaceuticals, Inc, SmithKline Beecham Corporation, and Solvay Pharmaceuticals, Inc.  Compl. 1, ECF No. 1.  Plaintiffs' suit seeks damages on behalf of the three minor plaintiffs for injuries alleged to have been caused by their grandmother's ingestion of the prescription medication diethylstilbestrol ("DES"), which was formerly manufactured and marketed by each of the above-named drug manufacturers.  Id. ¶¶ 23–35.

On November 7, 2011, defendant Eli Lilly and Company ("Lilly") filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), arguing that plaintiffs' complaint must be dismissed for failure to state a claim upon which relief can be granted.  See Mem. of Law in Supp. of Def. Eli Lilly and Co.'s Mot. to Dismiss ("Lilly Mem.") 1, ECF No. 7.  Lilly's motion to dismiss has subsequently been joined by defendants Lannett Co., Inc., Carnrick Laboratories, Inc., GlaxoSmithKline/SmithKline Beecham Corp. (GlaxoSmithKline LLC), The Upjohn Company, E.R. Squibb & Sons, LLC, Dart Industries, Inc., Abbott Laboratories, Ortho-McNeil Pharmaceutical, Inc., Rhone-Poulenc Rorer Pharmaceuticals, Inc., Mallinckrodt, Inc., Premo Pharmaceutical Laboratories, Inc. (collectively, "defendants").[1]  ECF Nos. 9–11, 13–14, 16–17, 20–21, 23, 28, 40.  Lilly's motion also seeks an award of the costs and fees incurred in the making of its motion.  Lilly Mem. at 1, 3.  Pursuant to the Honorable Eric N. Vitaliano's DES case management plan, defendants' motion has been referred to me for a Report and Recommendation.

---

[1] The names of the defendants that have joined Lilly's motion to dismiss are listed according to the names in defendants' motion papers, which differ, in some instances, from the names listed in the complaint.

For the following reasons, I respectfully recommend that defendants' motion to dismiss plaintiffs' complaint for failure to state a claim be granted, and that defendant Lilly's motion for costs and fees be denied.

## I. FACTUAL BACKGROUND

The following facts are taken from the pleadings in this action. The facts alleged in the complaint are assumed to be true for the purposes of the instant motion to dismiss. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). The Court recites only those facts necessary to resolve this motion.

The instant action is before this Court pursuant to diversity jurisdiction. Compl. ¶ 1. Infant plaintiffs Dylan, Jacob, and Tyler Marks are triplets who allege developmental and other injuries caused by DES. Id. ¶¶ 3–5, 33–35. Plaintiffs' suit is a so-called "third generation" DES action, meaning that their injuries are alleged to have been caused by the DES ingested by the triplets' grandmother, not their mother or father.[2]  See id. ¶ 33.

## II. DISCUSSION

A.   Rule 12(b)(6) Standard of Review

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a complaint need not contain detailed factual allegations, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Iqbal, 129 S. Ct. at 1940; see also Harris v.

---

[2] Plaintiff Aaron Marks is the triplets' father, and although the complaint's caption notes that Mr. Marks is named in his individual capacity, the body of the complaint contains no allegation of injury on his part.

Mills, 572 F.3d 66, 72 (2d Cir. 2009).  First, although the Court must accept all factual allegations as true, this tenet is "inapplicable to legal conclusions"; therefore, "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."  Harris, 572 F.3d at 72 (alteration in original) (quoting Iqbal, 129 S. Ct. at 1950).  Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6).  Id.  Determining whether a complaint does so is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

B. New York State Court of Appeals Precedent

Defendants argue that plaintiffs' complaint should be dismissed pursuant to the New York State Court of Appeals precedent Enright v. Eli Lilly and Co., 77 N.Y.2d 377 (1991).  Lilly Mem. at 1.  Enright expressly prohibits third generation causes of action in DES cases.  77 N.Y.2d at 380.  Same as the plaintiffs in this case, the Enright plaintiffs sought compensation for injuries suffered by the infant grandchild of a woman who had ingested DES decades before the grandchild's birth.  Id. at 380–81.  Rejecting the Enright plaintiffs' arguments in favor of recognizing a third generation cause of action, the Court of Appeals ruled that:

> [T]he cause of action plaintiffs ask us to recognize here could not be confined without the drawing of artificial and arbitrary boundaries.  For all we know, the rippling effects of DES exposure may extend for generations.  It is our duty to confine liability within manageable limits.  Limiting liability to those who ingested the drug or were exposed to it in utero serves this purpose.

Id. at 387 (internal citations omitted).  The Court of Appeals concluded that, "in these circumstances no cause of action accrues in favor of the infant plaintiff against the drug manufacturers."  Id. at 380.  Therefore, the State of New York has a bright-line bar against third generation causes of action in DES cases.

Plaintiffs concede that, "[u]nder New York law, and specifically [Enright], the complaint, in its current format, is subject to dismissal." Aff. in Opp. to the Mot. to Dismiss ("Pls.' Opp.") ¶ 2, ECF No. 32. In an effort to moot defendants' motion to dismiss, plaintiffs submitted an amended complaint pursuant to F.R.C.P. 15(a)(1). Id. at Ex. A. However, the difference between the original and amended complaints is slight and fails to eliminate the fatal flaw of plaintiffs' action—irrespective of how plaintiffs' suit is grammatically styled, it is a prohibited third generation case.[3]

Plaintiffs also attempt to distinguish Enright from this case, arguing that: "Enright solely precludes claims of preconception torts. Here Plaintiffs are not making a claim for a preconception tort, but rather for injuries caused by latent effects of DES which harmed the Marks triplets at birth." Pls.' Opp. ¶ 7. However, this alleged distinction is unavailing as it does not change the fact that the infant plaintiffs are seeking compensation for injuries alleged to have been caused by their grandmother's ingestion of DES, which Enright unambiguously forbids. Enright, 77 N.Y.2d at 380. Accordingly, under the Court of Appeals' clear dictate, plaintiffs' complaint fails to state a claim upon which relief can be granted.

Plaintiffs alternatively argue that, "[t]he 20 year old Enright decision, which has been the subject of substantial criticism and has been uniformly rejected elsewhere, is ripe for reconsideration." Pls.' Opp. ¶ 5 (emphasis omitted). Arguing for reconsideration of Enright, plaintiffs cite criticism of the decision by the Supreme Court of Missouri, id. ¶ 6 (quoting Lough v. Rolla Women's Clinic, 866 S.W.2d 851 (Mo. 1993)), as well as Judge Hancock's dissent in Enright, id. ¶ 8 (quoting 77 N.Y.2d at 389–90). However, it is an elementary principle of

---

[3] Compare Compl. ¶ 33 ("In this action, the Plaintiffs' father claims that the infant Plaintiffs were exposed to DES as a direct result of their grandmother's ingestion of DES, which was marketed by Defendants.") with Am. Compl. ¶ 33 ("In this action, Plaintiffs claim they were exposed to DES as a direct result of their mother's exposure to DES in utero, which was marketed by Defendants."). The amended complaint also adds a factual allegation about Lilly's communications with the Food and Drug Administration ("FDA"). Am. Compl. ¶ 34.

5

American law that federal courts must follow a state's substantive law in cases premised upon diversity jurisdiction.  Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938); see also, In re "Agent Orange" Prod. Liab. Litig., 580 F. Supp. 690, 695 (E.D.N.Y. 1984) ("Since this is a diversity jurisdiction case, pursuant to 28 U.S.C. § 1332, this court, as to those claims originally filed in this court, sits much as a state trial court would in New York, applying New York substantive law. . . ."). Therefore, this Court is bound as a matter of New York State law to recommend dismissal of plaintiffs' complaint pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

C.      Defendant Lilly's Request for Costs and Fees

Lastly, Lilly seeks the costs and fees incurred in bringing its motion to dismiss. Lilly Mem. at 1, 3. Plaintiffs' complaint arguably violates F.R.C.P. 11(b)(2), which requires that claims be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." F.R.C.P. 11(b)(2). Indeed, plaintiffs' counsel should have known fully well that their clients have no cause of action under the law of the State of New York and that this Court lacks the authority to modify state law. Nonetheless, because this action is being disposed of early on in the litigation and at a minimal burden to defendants, I recommend denying Lilly's request for an award of costs and fees. I do, however, caution plaintiffs' counsel that bringing any future actions that are in such flagrant disregard of clear and controlling precedent may result in an award of costs and fees.

### III.    CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs' complaint be dismissed with prejudice, and that Lilly's request for costs and fees be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of the date of issuance of this Report and Recommendation. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); F.R.C.P. 6(a), 72.

SO ORDERED.

Dated: January 11, 2012
Brooklyn, New York

                                                    /s/
                                     JOAN M. AZRACK
                                     UNITED STATES MAGISTRATE JUDGE