UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
AARON MARKS, Individually, and on Behalf of          :
DYLAN JAMES MARKS, JACOB HARRISON          :
MARKS, and TYLER MATHEW MARKS, as minors   :          **MEMORANDUM AND ORDER**
under the age of eighteen,                                    :
                                                                        :          11-cv-4147 (ENV) (JMA)
                                             Plaintiffs,          :
                                                                        :
          -against-                                                  :
                                                                        :
ABOTT LABORATORIES & CO., ET AL.              :
                                                                        :
                                             Defendants.        :
------------------------------------------------------------------ x

**VITALIANO, D.J.**

On January 11, 2012, Magistrate Judge Joan M. Azrack issued a Report and

Recommendation ("R&R") in which she recommends that (1) plaintiffs' complaint be dismissed

with prejudice; and (2) costs and fees be denied to defendants on their motion. On January 23,

2011, plaintiffs made timely objection ("Objection") to the R&R, but only to the extent that

dismissal was recommended with prejudice instead of without prejudice. Defendants did not file

any objection. After careful de novo review of the record, the Court adopts Judge Azrack's R&R

in its entirety as the opinion of the Court. The reasons follow.

**Background**

On August 26, 2011, plaintiff Aaron Marks, individually and on behalf of minors Dylan

James Marks, Jacob Harrison Marks, and Tyler Mathew Marks, filed suit against the drug

companies Abbott Laboratories, Bristol-Myers Squibb, Carnrick Laboratories, Inc., Dart

Industries, Inc., Eli Lilly and Company, Glaxosmithklein, Lannett Co., Inc., Mallinckrodt Inc.,

Mequon Company, Merck Sharp & Dohme Corp., Merrell Dow Pharmaceuticals, Inc., Ortho-

McNeil Pharmaceutical, Inc., Pharmacia & Upjohn Company, Premo Pharmaceutical

1

Laboratories, Inc., Rhone-Poulenc Rorer Pharmaceuticals, Inc, SmithKline Beecham Corporation, and Solvay Pharmaceuticals, Inc. The suit seeks damages on behalf of the three minor plaintiffs for injuries alleged to have been caused by their grandmother's ingestion of the prescription medication diethylstilbestrol ("DES"), which was formerly manufactured and marketed by each of the defendant drug manufacturers.

On November 7, 2011, defendant Eli Lilly and Company ("Lilly") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6). Lilly's motion to dismiss was subsequently joined by all defendants except Mequon Company, Merck Sharp & Dohme Corp., Merrell Dow Pharmaceuticals, Inc., and Solvay Pharmaceuticals, Inc. Lilly also sought an award of the costs and fees incurred in the making of its motion. The motions were referred to Judge Azrack.

### Standard of Review

In reviewing a Report and Recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's Report and Recommendation. Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

## Discussion

Judge Azrack properly recommended Rule 12(b)(6) dismissal of plaintiffs' complaint for failure to state a claim upon which relief can be granted because the claims advanced by plaintiffs are not cognizable under controlling New York law. See Enright v Eli Lilly & Co., 77 N.Y.2d 377, 389, 568 N.Y.S.2d 550, 570 N.E.2d 198 (1991). Further, nothing suggests plaintiffs could by amendment assert cognizable claims. Thus, absent deus ex machina intervention, Judge Azrack correctly determined there is no hope an amendment could save plaintiffs' case. See Van Buskirk v. The New York Times Co., 325 F.3d 87, 91 (2d Cir. 2003) ("[A] court granting a 12(b)(6) motion should consider a dismissal without prejudice 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (citation omitted)); Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1198 (2d Cir. 1989) (holding that leave to amend is properly denied when an amendment would be futile (citation omitted)).

Nevertheless, plaintiffs ask the Court to modify Judge Azrack's recommendation by ordering dismissal *without* prejudice. The request is grounded in the prayer that now is the "time for the New York Court of Appeals to review Enright v Eli Lilly & Co., 77 N.Y.2d 377 (1991)." (Objection ¶ 2.) That is, plaintiffs conjure up, as a purported basis for dismissal without prejudice, the theoretical possibility that the New York Court of Appeals could overturn its 20-year-old precedent at some near-term date. But, such conjuring cannot change the reality that under law controlling decision, i.e., the law as it actually exists, the complaint states no claim and is properly dismissed with prejudice. Moreover, this is not a situation where a factual deficiency in the record could be corrected, justifying the additional chance dismissal without

prejudice would permit.[1]  Accordingly, Judge Azrack correctly recommended dismissal with prejudice.

## Conclusion

For the foregoing reasons, upon de novo review, the Court finds Magistrate Judge Azrack's R&R to be correct, well-reasoned, and free of any reversible error.  The Court, therefore, adopts the R&R in its entirety as the opinion of the Court.  Defendants' motion to dismiss is granted and plaintiffs' complaint is dismissed with prejudice as to all defendants. Defendants' motion for costs and fees is denied.

The Clerk is directed to enter judgment and to close this case.

SO ORDERED.


Dated: Brooklyn, New York
March 19, 2012

ERIC N. VITALIANO
United States District Judge

---

[1] Should the odds be defied and Enright overruled, perhaps the New York Court of Appeals will conjure a way to revive plaintiffs' claims, Enright's claims, and all such similar claims dismissed in the interim for failure to state a claim under then-existing law.

4